# FALL SESSIONS,

## 1909.

───◆───

### STATE *vs.* JAMES LEE.

*Murder—Assault with Intent to Murder—Elements—Intent
—Self-defense.*

1.    An assault with intent to murder embraces not only an *assault* but also an *intent* to commit murder.

2.    An assault is defined, to be an attempt with force and violence to do injury to the person of another.

3.    In order to convict of an assault with intent to murder, the facts must be such that if the person assaulted had died in consequence thereof, the accused would have been guilty of murder.

4.    The intent to commit murder is an essential element of the crime, and it must be proved.

5.    The intent to commit murder may be shown (1) by direct evidence, as by defendant's confession; (2) by indirect evidence, as by the acts or conduct of the accused, such as the use of a deadly weapon, etc.

6.    When a person is charged with an assault with intent to commit murder, whether the crime, if it had resulted in the death of the person assaulted, would have constituted murder of the first or second degree, is immaterial. Murder in either degree, in such event, would be sufficient.

7.    Murder is the unlawful killing of a human creature in being with malice aforethought, either express or implied. Malice may be implied from any unlawful act such as in itself denotes a wicked heart fatally bent on mischief, or a reckless disregard of human life.

8.    The law recognizes the right of self-defense for the purpose of preventing, but not of revenging an injury to the person of the accused.

9.    Every one has the right to protect his person from assault and injury by opposing force to force, and he is not obliged to wait until he is struck by an impending blow.   If a weapon be raised to shoot or strike, or the danger of personal violence be imminent, the person in such imminent danger may protect himself by striking the first blow for the purpose of repelling and preventing the attempted injury; but the opposing

force or measure of defense must not be unreasonably disporportionate to the requirements of the occasion.

10.   Where one is assaulted upon a sudden affray and reasonably believes himself to be in imminent danger of being killed or of receiving great bodily harm, he may use a deadly weapon in self-defense.   But in exercising such right of defense, he must be closely pressed, and must have retreated as far as he conveniently and safely could, in good faith, with the honest intent to avoid the violence and peril of the assault upon him.

11.   Upon an issue of self-defense, in a prosecution for an assault with intent to murder, the jury should consider and determine whether under the evidence the accused was, at the time of the commission of the offense, in reasonable fear of death or of great bodily harm.   And in determining whether the accused was in such reasonable fear, the jury should consider the conduct of the prosecuting witness at the time, the violence of his assault, the character of the weapon employed by him, his superior advantage of youth and strength, as well as the prisoner's knowledge of his reputation for being quarrelsome and  violent.

12.   Where testimony is conflicting, it is the duty of the jury to reconcile it, if possible; otherwise they should accept that which they deem worthy of credit and reject that which they deem unworthy of credit, having regard to the character, intelligence, opportunity, and bias of the witnesses.

13.   A person charged with the commission of a crime is presumed to be innocent, until the contrary is shown.   The burden of establishing the guilt of the accused, beyond a reasonable doubt, rests upon the State.

14.   When the accused introduces a distinct or independant matter of defense, such as an *alibi*, insanity, or self-defense, satisfactory  proof of such defense devolves upon the accused.

15.   A reasonable doubt of the guilt of the accused upon the whole case entitles him to an acquittal.

16.   A reasonable doubt is not a vague or speculative doubt, but a substantial doubt remaining in the minds of the jury after a careful consideration of all the evidence, such as reasonable, fair-minded, and conscientious men would entertain under all the circumstances of the case.

Del. cases cited: *State vs. Di Guglielmo*, 4 *Penn.* 336; *State vs. Scott*, 4 *Penn* 538; *State vs. Wilson*, 5 *Penn.* 77; *State vs. Wiggins*, 7 *Penn.*

(*September* 28, 1909.)

Judges CONRAD and WOOLLEY sitting.

*W. Watson Harrington*, Deputy Attorney-General, for the State.

*Caleb E. Burchenal* for the prisoner.

Court of General Sessions, New Castle County, September Term, 1909.

INDICTMENT FOR ASSAULT WITH INTENT TO COMMIT MURDER (No. 45, September Term, 1909).

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—James Lee, the prisoner at the bar, is charged in this indictment with having committed, on the twentieth day of July, 1909, in this County and State, an assault upon one Levi Taylor, the prosecuting witness, with intent him the said Levi Taylor to murder.    This charge embraces not only an assault, which has been defined to be an attempt with force and violence to do injury to the person of another, but embraces also an intent to commit murder.

In order to convict the prisoner at the bar in manner and form as he stands indicted, it is necessary for the State to satisfy you, beyond a reasonable doubt, that the assault was committed by James Lee, the prisoner, that it was committed with the intent to murder Levi Taylor the prosecuting witness, and that if the said Levi Taylor had died from the effects of the injury received, then James Lee would have been guilty of murder.

The intent to commit murder is an essential ingredient of this charge, and it must be proved to your satisfaction just as any other material fact in the case is proved.   The intent to commit murder may be shown by direct evidence of the intent; that is, by the express confession or declaration of the accused that he committed the alleged assault with the intent to murder; but the intent to commit murder may also be proved by the acts and conduct of the accused and other circumstances, from which the jury may naturally and reasonably infer the intent charged. For instance, it is a principle of law that every man must be presumed to intend the natural and probable consequences of his own voluntary and wilful act; so that from the use of a deadly weapon against another the jury may infer the intent to commit

murder, unless the circumstances of the case satisfy you to the contrary; such intent, as we have said,. being provable by and inferable from the voluntary, unlawful use, in a manner, or under circumstances perilous to human life, or directly tending to great bodily harm, of a loaded gun, of an axe or other weapon which the law considers a deadly weapon, or of any other instrument or missile reasonably likely to take human life when so used.

*State vs. DiGuglielmo*, 4 *Penn.* 336.

Before you can find the prisoner at the bar guilty of assault with intent to commit murder, you must also find that had Levi Taylor died from the effects of the injuries received, the prisoner would have been guilty of the crime of murder. It is therefore necessary for us to define to you briefly the crime of murder. But we do not think it necessary to define the different degrees of murder under our staute; for whether the crime, if it had been completed by the death of the victim, had been murder of the first or second degree, would be immaterial, as either would meet the requirements of our satute and would justify a verdict of guilty of assault with intent to commit murder.

The crime of murder is the unlawful killing of a human creature in being with malice aforethought, either express or implied. If the killing is proved, it must be also proved that it was done with malice either express or implied, before the person charged can be convicted of murder. But such malice may be implied from any unlawful act such as in itself denotes a wicked heart fatally bent on mischief, or a reckless disregard of human life. The deliberate selection and use of a deadly weapon has been held to be evidence of malice; and where malice exists, together with the killing, the crime of murder is complete. If you believe that the crime of which the prisoner would have been guilty if the prosecuting witness had died from the injuries received would be manslaughter, you could not find him guilty of the intent to commit murder, for in manslaughter there is no malice. Whether there is any evidence in this case to satisfy you that there was malice, either express or implied,. is one of the questions for you to determine. (*State vs. Scott*, 4 *Penn.* 538.)

Malice is implied by law from every deliberate cruel act committed by one person against another, no matter how sudden such act may be; for the law considers that he who does a cruel act voluntarily does it maliciously. And whenever the act from which death ensues is proven by the prosecution, unaccompanied by circumstances of justification, excuse or mitigation, the law presumes that the homicide was committed with malice; and it is thereupon incumbent upon the prisoner to show by evidence that the killing was not malicious and therefore does not amount to murder.

The law accords to every one the right to protect his person from assault and injury by opposing force to force, and he is not obliged to wait until he is struck by an impending blow; for if a weapon be raised in order to shoot or strike, or the danger of other personal violence be imminent, the party in such imminent danger may protect himself by striking the first blow, for the purpose of repelling and preventing the attempted injury. But the opposing force or measure of defense must not be unreasonably disproportionate to the requirements of the occasion. Although so much force as is reasonably necessary may be used, yet if the violence used is greater than was necessary, under the circumstances, to repel the assault or avert the peril, the party using it is himself guilty; for the law recognizes the right of self-defense for the purpose of preventing but not of revenging an injury to the person of the accused.

Where one is assaulted upon a sudden affray and, in the judgment of the jury, honestly believed, on reasonable and sufficient grounds, that he was in imminent danger of being killed or of receiving great bodily harm, he would have, in self-defense, the right to use a deadly weapon against his assailant. But in exercising such right of self-defense, in a manner likely to cause death or great bodily harm to his assailant, he must be closely pressed by him, and must have retreated as far as he conveniently and safely could, in good faith, with the honest intent to avoid the violence and peril of the assault. If these be so sudden,

fierce or urgent as not to allow him to retreat or to have other probable means of escape, then he may rightfully use a deadly weapon in his defense. *(State vs. Wilson, 5 Penn. 77.)*

In further justification of his act of shooting and as an element of his plea of self defense, the prisoner contends that Levi Taylor, the prosecuting witness, had a reputation of possessing a quarrelsome and violent nature, which reputation was known to the prisoner, and seeks to exceuse the manner and promptness in which he acted in his own defense, because of his fear arising from that knowledge, and of his fear of Taylor's advantage in youth and strength.

Upon this phase of the defense, the Court follows the decision recently made in the case of the *State vs. Wiggins*, and charges you, that if you find from the evidence that an actual assault was *first* made by Levi Taylor, the prosecuting witness, upon James Lee, the prisoner, it is *then* proper and material to the issue raised by the plea of self-defense, for you to consider and determine whether the prisoner was, *at the time of the shooting*, in reasonable fear of death or of great bodily harm.

In determining what constitutes such reasonable fear, you should consider the conduct of the prosecuting witness just before the shooting, the violence of his assault, the character of the weapon he employed, his superior advantage of youth and strength, as well as the prisoner's knowledge of his assailant's reputation for being quarrelsome and violent.

Where testimony respecting the guilt or innocence of the prisoner is conflicting, as it is in this case, you should reconcile it if you can. If you cannot, you should accept that part of it which you deem worthy of credit, and reject that which you deem unworthy of credit, having regard to the intelligence or ignorance of the witnesses, their opportunity to observe, know, hear and remember that to which they have testified, as well as their bias arising out of interest or prejudice.

In determining the question of the guilt or innocence of the prisoner, the law provides certain rules for your guidance. First,

the law presumes all persons to be innocent of crime, until their guilt is established by competent evidence in proper courts. This presumption of innocence, however, is rebuttable. When crime has been committed, the State, for the injury done it, may seek redress by an action at law, and upon it rests the burden of rebutting the presumption of innocence and of proving the existence of the facts it affirms. Even though he introduce no evidence in his own behalf, the prisoner is entitled to this presumption, for unless the State affirmatively proves the prisoner's guilt beyond a reasonable doubt, he should not be convicted. But when the prisoner pleads any substantive, distinct or independent matter as a defense, as an. *alibi*, insanity, or, as in this action, self-defense, the burden of proving such defense devolves upon him. To establish such defense, the accused must prove the independent exculpatory facts upon which he relies, and in this respect and to this extent, the burden lies with him. Notwithstanding this, if, after all the evidence is in, it is found that upon the whole case the State has not sustained the burden of proof in convincing you of the prisoner's guilt beyond a reasonable doubt, he should be acquitted But we say to you, that such a doubt should not be a mere fanciful, vague or speculative doubt, but a reasonable, substantial doubt, remaining in your minds after a careful consideration of all the evidence; and such a doubt as reasonable, fair-minded and conscientious men would entertain under all the facts and circumstances of the case.

If you are not satisfied from the evidence in this case, beyond a reasonable doubt, that the prisoner at the bar committed the assault upon the prosecuting witness, your verdict should be not guilty. If, however, you believe beyond a reasonable doubt that he did commit the assault, but are not satisfied that there was an intent to commit murder, your verdict should be not guilty in manner and form as he stands indicted, but guilty of assault only. But if you believe that the prisoner not only committed the alleged assault, but at the time of its commission it was his intention to murder Levi Taylor, and that had Levi Taylor died from the effects of the injuries received the crime would have been

Verdict.

murder, your verdict should be guilty in manner and form as he stands indicted.

Verdict, not guilty.