## STATE *vs.* PETER JOHNSON.

1.  HOMICIDE—"ASSAULT WITH INTENT TO COMMIT MURDER"—ELEMENTS—"ASSAULT."

The crime of "assault with intent to commit murder" embraces  (1) an "assault," which has been defined to be an attempt with force and violence to do injury to the person of another; and (2) an attempt to commit murder.

2.  HOMICIDE—"MURDER"—ELEMENTS.

"Murder" is the killing of one human being by another with malice, either express or implied.

3.  HOMICIDE—"MALICE"—NATURE.

"Malice," in the law of homicide, is a condition of the mind or heart, which may be shown by the deliberate selection and use of a deadly weapon, or by antecedent menaces or threats, such as disclose a purpose on the part of accused to commit the act charged.

4.  HOMICIDE—MALICE—IMPLICATION.

Malice, in the law of homicide, may be implied from any unlawful act, such as in itself denotes a wicked heart, fatally bent on mischief, or a reckless disregard of human life, or from an act from which death ensues, unaccompanied by circumstances of justification, excuse, or mitigation, and on such act being shown it is incumbent on accused to show to the satisfaction of the jury that the killing was not malicious.

5. CRIMINAL LAW—EVIDENCE—WEIGHT AND SUFFICIENCY—INTENT.

The element of intent to commit murder must be proved, in a prosecution for assault with intent to commit murder, beyond a reasonable doubt.

6. HOMICIDE—ASSAULT WITH INTENT TO KILL—ELEMENTS—INTENT.

Where, if death had resulted from the assault of accused, the crime would have been manslaughter, and not murder, accused is not guilty of assault with intent to commit murder.

7. ARREST—AUTHORITY TO ARREST WITHOUT WARRANT.

Under *Rev. Code* 1852, amended to 1893, *c.* 128, § 21, providing that if any person trespass on the premises of another he shall be guilty of a nuisance, and any constable or other conservator of the peace, the owner of the premises, his agent, or employee, or any person whom he, or any of them, may call to their assistance, shall have authority to arrest the offender, either with or without warrant, either upon the premises or in immediate flight therefrom, an arrest by a special officer of trespassers on a railroad car, immediately after they had left it at the officer's request, was not illegal.

8. ARREST—AUTHORITY TO ARREST WITHOUT WARRANT—"IMMEDIATE FLIGHT."

A trespasser, voluntarily withdrawing from premises on which he may be trespassing when ordered to do so, is in "immediate flight," under *Rev. Code* 1852, amended to 1893, *c.* 128, § 21, authorizing an arrest by an officer, with or without warrant, of any trespasser on the premises of another, either on the premises or in immediate flight therefrom.

9. HOMICIDE—ASSAULT WITH INTENT TO KILL—SELF-DEFENSE.

Where one accused of assault with intent to commit murder had reasonable cause to believe, and did believe, that he was in imminent danger of death or great bodily harm, and that he had no other reasonable means of avoiding or preventing death or great bodily harm than to kill an officer who was arresting him, his attempt to kill the officer would be a justifiable act of self-defense.

10. CRIMINAL LAW—EVIDENCE—PRESUMPTIONS—INNOCENCE.

In every criminal prosecution, accused is presumed innocent until his guilt has been established to the satisfaction of the jury beyond a reasonable doubt.

(*November* 17. 1910.)

Judges BOYCE and WOOLLEY sitting.

*Josiah O. Wolcott*, Deputy Attorney General, for the state.

*Philip L. Garrett* for the prisoner.

Court of General Sessions, New Castle County, November Term, 1910.

INDICTMENT (No. 21, November Term, 1910) for assault with intent to commit murder.

The case is stated in the charge to the jury.

BOYCE, J., charging the jury:

Gentlemen of the jury:—Peter Johnson, the prisoner, is charged in this indictment with having committed an assault upon John F. Brennan with intent to commit murder, on the morning of the 26th day of September last, neard Third Street bridge, in this city.

The crime charged embraces two elements: (1) An assault, which has been defined to be an attempt with force and violence to do injury to the person of another; and (2) an intent to commit murder.

In order to convict the accused, in manner and form as he stands indicted, it is necessary for the state to satisfy you, beyond a reasonable doubt, that he not only committed the alleged assault but that he committed it with the intent him, the said John F. Brennan, to murder.

Murder is the killing of one human being by another with malice, either express or implied. Murder is, under our statute, of two degrees, but it is not necessary to define these degrees separately in a case like this; for whether, if death had resulted from the alleged assault, it would have constituted murder of the first or second degree, is immaterial, as either would meet the requirements of our statute to support the present indictment.

Malice is an essential ingredient of the crime of murder. Whether there is any evidence in this case to satisfy you that there was malice, either express or implied, is one of the questions for you to determine. Malice is a condition of the mind or heart. The deliberate selection and use of a deadly weapon has been held to be evidence of malice. It may be manifested by antecedent menaces or threats such as disclose a purpose on the part of the accused to commit the act charged. It may be implied from any unlawful act such as in itself denotes a wicked heart fatally bent on mischief, or a reckless disregard of human life. And whenever an act from which death ensues is satisfactorily proven, unaccompanied by circumstances of justification, excuse or mitigation, the law presumes that the killing was committed with malice; and it is thereupon incumbent upon the accused to show to the satisfaction of the jury that the killing was not malicious.

The element of intent to commit murder as charged in the indictment is an essential ingredient of the crime charged, and it must be proved to your satisfaction, beyond a reasonable doubt, just as any other material fact in the case is proved. *State v. Lee*, 1 *Boyce*, 18, 20, 74 *Atl.* 4.

The testimony of the prosecuting witness is to the effect that about 3 o'clock on the morning of the alleged assault he was, in the capacity of a special officer, lawfully in a combination car of the Pennsylvania Railroad Company, on the premises of said company, near the foot of Pine street, in this city, when the prisoner and a companion came into the car; that after they had taken a seat together he observed them whispering; that he went to them and saw one of them with a revolver; that he requested them to leave the car, which they did, after some conversation with him, by backing out; that he followed after them both on and near the premises, until he saw three police officers, whom he requested to assist him in making an arrest of them as trespassers upon the railroad company's property; that one of the officers arrested the prisoner and placed a nipper on his right wrist, while the other two officers sought to apprehend his companion, who had jumped down on the abutment of the bridge; that the officer making the arrest of the prisoner turned him over to him, the prosecuting witness; that very soon thereafter the prisoner made an effort to break away, and thrusting his left hand beneath his clothing over his belt drew forth a revolver, and pointing it at the head of him, the prosecuting witness, said "I will kill you," and "clicked the revolver twice," but it did not discharge; that one or two of the police officers coming to his assistance, and knocking the revolver from the hand of the accused, it was found to contain at least two loaded shells. The prisoner admits taking the revolver from his clothing, after his arrest, and after he was in the custody of the prosecuting witness, and that he pointed the revolver over the shoulder of the prosecuting witness, but upward and not at him, and that he "clicked it twice." He denies that he threatened or intended to kill the prosecuting witness.

Counsel for the prisoner, in defense of the prosecution, contends that the arrest was without authority of law and was illegal,

Charge.

and that, being illegal, a conviction of the prisoner, in the manner and form as he stands indicted, may not be had, for the reason, he insists, that if, under the circumstances, as detailed by the prosecuting witness, the prisoner had shot and killed him, the killing would not have constituted murder of either degree, but manslaughter. It is true that when one is charged with an assault with intent to commit murder, and it should appear from the evidence that the assault was made under such circumstances as that, if death had resulted from the effects of the assault, the killing would have constituted manslaughter, the person charged could not be convicted of the crime of an assault with the intent to commit murder, for manslaughter occurs when one person unlawfully kills another but without malice. The intent charged in the indictment is not to commit manslaughter, but to commit murder, and as we have already indicated there can be no murder without malice. In every prosecution for an assault with intent to commit murder, it is incumbent upon the state to show not only that an assault was made, but that it was made under such circumstances as to show that it was committed with the malicious intent, either express or implied, to kill.

The state contends that the arrest was legal and authorized by *section* 21, *c.* 128, *p.* 939, *Rev. Code* 1852, amended to 1893, which provides in part that " if any person shall willfully enter into, upon, or trespass upon the ways, lands or premises of another in this state, he shall be guilty of a nuisance. Any constable or other conservator of the peace, the owner or occupier of such ways, lands or premises, his agent or employee, or any other person or persons whom he, or any of them may call to their or his assistance, shall have authority to arrest such offender, either with or without warrant, either upon the premises, or in immediate flight therefrom," etc.

We have given the question urged by counsel, on behalf of the prisoner, respecting the legality of the arrest, careful consideration and our conclusion is that, if you find from the evidence that the prisoner was trespassing upon the property of the railroad company and that his subsequent arrest was made as shown by the state, it was not illegal. The said statute against trespassing

expressly provides for the arrest of the offender, either with or without warrant, either upon the premises, or in immediate flight therefrom.

A trespasser voluntarily withdrawing from the premises upon which he may be trespassing when ordered to do so sufficiently constitutes an "immediate flight" within the meaning of the statute. If the prisoner and his companion were upon the said car and premises, which is admitted, and they departed when requested, the prosecuting witness had authority under the statute to follow after them and to call to his assistance any person or persons to make arrest of them or either of them without warrant, using such force as was reasonably neecessary to make the arrest.

The court feels that it is not required to give you further instructions in relation to the character of the arrest, or as to its legality, as there is no conflict of testimony in relation to the arrest unless it be with respect to the character and extent of the force employed in making the arrest, which it is claimed.

If from the character and extent of the force used by the prosecuting witness and his assistants in making the arrest, the prisoner had reasonable cause to believe, and did believe, that he was in imminent danger of death or great bodily harm, and he had no other reasonable means of avoiding or preventing death or great bodily harm, then the attempt to kill the prosecuting witness would be a justifiable act of self-defense and in such event your verdict should be not guilty.

In every criminal prosecution, the accused is presumed to be innocent until his guilt has been established to the satisfaction of the jury beyond a reasonable doubt.

If you are satisfied from the evidence that the prisoner did not commit the alleged assault upon the prosecuting witness, your verdict should be not guilty, or if you are satisfied from the evidence that the prisoner committed the assault, but not with the intent to murder the prosecuting witness, your verdict should be not guilty in manner and form as indicted, but guilty of an assault only. .

If you are satisfied from the evidence, beyond a reasonable doubt, that the prisoner committed the alleged assault with the

intent to commit murder as charged in the indictment, your verdict should be guilty.

Verdict, guilty with a recommendation to mercy.