STATE *v.* HERMAN GORDON.

*(May 23, 1935.)*

LAYTON, C. J., RODNEY and REINHARDT, J. J., sitting.

*C. Edward Duffy,* Deputy Attorney-General, for the State.

*Dudley C. Lunt* for the defendant.

Court of Oyer and Terminer for New Castle County. Indictment for manslaughter, No. 82, May Term, 1935.

LAYTON, C. J.:

In *State v. Short*, 2 *Boyce* (25 *Del.*) 491, 82 *A.* 239, the defendant, claiming to have acted in self-defense, was asked if the deceased had ever told him of an altercation

he had previously had with another person, and he answered that the deceased had told him that he had "cut up a man." This was objected to and stricken out on the ground that to allow such communications made by the deceased to the accused would be a dangerous practice, as it would be impossible for the prosecution to disprove them.

Another witness was then called to testify, without objection, that he knew personally that the deceased had been involved in certain shooting and cutting affrays, and that he was a bad man; and that he had told the prisoner of the deceased's particular acts of violence, and of his reputation.

The prisoner was then recalled, and, without objection, testified to his knowledge of the deceased as communicated to him by the witness.

With respect to the testimony given by the prisoner of his knowledge of the deceased, as communicated to him by the deceased himself, we are not called upon to pass.

Objections were not offered to the other questions, so the Court did not rule upon them.

The question here is whether the accused may testify to specific instances, either known to him personally, or by hearsay, of an affray in which the deceased was the aggressor and had used a knife. The state of mind of the accused is material. The jury is to pass upon his belief that the deceased was about to attack him. Without doubt, the reputation of the deceased for violence, known to the accused, is admissible; and there seems to be no substantial reason why the belief of the prisoner should not be evidenced by knowledge of specific acts of violence, as well as by knowledge of general reputation for violence, subject,

of course, to exclusion in a proper case for remoteness. No such contention is, however, made here.[1]

The objection is overruled.

The witness then answered, "I knew of one."

---

[1] In *State v. Reese,* 2 *Boyce* (25 *Del.*) 434, 435, 79 *A.* 217, where the issue of self-defense was involved, the Court permitted the defendant to show a prior act of violence by the deceased toward her on the night of the shooting. Evidence of other prior acts of violence was offered but was excluded by the Court because of the admission by the defendant's counsel that they had been forgiven by her and that when the shooting occurred the parties were living together as though they were husband and wife.