PAUL DAVIDSON, an infant, by Louis Davidson, his next friend, and LOUIS DAVIDSON, Individually, v. KARL GEORGE KALMBACHER, CARL FLICKINGER KALMBACHER and NORA M. KALMBACHER.

CAREY, J., sitting.

*David S. Keil* (of Keil and Keil) for plaintiffs.

*Thomas Herlihy, Jr.,* and *Morris Cohen* for defendants.

Superior Court for New Castle County, No. 1059, Civil Action, 1948.

CAREY, J.:

██ ██ If the averments of the fifth defense are true, they present a valid defense of imputed contributory negligence. 7-8 Huddy Automobile Law, 9th Ed., 353. See also *Campbell* v. *Walker*, 2 *Boyce* 41, 49, 78 *A.* 605; *Igle* v. *People's Railway Co.*, 5 *Boyce* 376, 93 *A.* 666. It cannot be held, therefore, that they are "redundant, immaterial, impertinent or frivolous". If the averments are so "ambiguous, uncertain and indefinite" that plaintiffs cannot reasonably be required to frame a responsive pleading (and this seems doubtful), the proper motion is not one to strike under Rule 12 (f) but for a more definite statement under Rule 12 (e). The motion to strike must be denied.

██ What the plaintiffs admittedly seek to accomplish by the motion for summary judgment as to the fifth defense is to eliminate from the trial of the case the question of joint enterprise or joint control. Without that, Gibstein's negligence, if any, is not imputed to Davidson. See authorities cited supra; also *Island Express Inc.* v. *Frederick*, 5 *W. W. Harr.* 569, 171 *A.* 181. However, even if the issue of joint enterprise be eliminated from the case at this stage, plaintiffs would not be entitled to a judgment for all or part of their claim. They would still have to prove all the necessary elements of a negligence action to the satisfaction of a jury in order to obtain any judgment.

██ ██ In some circumstances, the Court may under Rule 56 (d) enter an order which would eliminate the necessity of proving uncontroverted facts. "The procedure authorized in that

section is, however, designed as ancillary to a motion for summary judgment. Primarily, its purpose seems to be to salvage some results from the judicial effort involved in the denial of a motion for summary judgment. Rule 56 (d) [Federal Rules of Civil Procedure, 28 U. S. C. A.] does not authorize the initiation of motions the sole object of which is to adjudicate issues of fact which are not dispositive of any claim or part thereof". *Yale Transport Corp.* v. *Yellow Truck & Coach Mfg. Co., (D. C.)* 3 *F. R. D.* 440, 441. The true intent of Rule 56 is to enable a party to obtain judgment upon all or part of a claim, not to eliminate uncontroverted facts. The rules governing requests for admissions and pre-trial conferences are designed for the latter purpose.

The motion for summary judgment must be denied. Plaintiffs may, of course, still proceed as indicated. An order to this effect will be entered.