Brauns vs. The City of Green Bay.

## BRAUNS vs. THE CITY OF GREEN BAY.

*April 7 — May 10, 1882.*

TAX PROCEEDINGS as cloud on title. *(1) Burden of proof as to plaintiff's title. (2) What errors in assessment vitiate tax.*
EVIDENCE: APPEAL. *(3) Admission in former trial, when considered on appeal.*

1. One who seeks to vacate tax proceedings as a cloud upon his title to land, must prove such title if it is controverted.
2. A tax is vitiated by discriminations in the valuation of property made in intentional disregard of law, but not necessarily so by discriminations arising from mistake of fact or errors in computation or judgment.
3. An admission of a party, made upon a former trial, and preserved in the bill of exceptions on a former appeal, cannot be considered on a second appeal, unless preserved in the second bill of exceptions.

APPEAL from the Circuit Court for *Brown* County.

Action by the alleged owner of a lot and store in Green Bay, to set aside the tax levied by the city for the year 1877,

and also the sale for such tax and certificate issued thereon, as a cloud upon the plaintiff's title, and also to restrain the assignment of the certificate, or the issuing of a deed thereon, on the ground that the assessor of the city, in making the assessment for that year, had discriminated against certain classes of property therein, including the plaintiff's, and in favor of certain other classes of property therein, and that the whole assessment was therefore illegal and void. The answer put in issue the title to the lot and store in question, and also the allegations going to the invalidity of the assessment, tax, sale and certificate. At the close of the plaintiff's testimony the defendant moved for a nonsuit, on the ground that there was not sufficient evidence to warrant a finding for the plaintiff; but the motion was denied. The defendants offered no testimony. The court found as matters of fact: (1) That the plaintiff is, and was on the 1st of May, 1877, the owner of the lot and store in question. (2) That the tax was levied thereon in the year 1877, as alleged. (3) That the city assessor, in 1877, assessed, or attempted to assess, all the property, both real and personal, on an improper, illegal and unjust basis, and entirely contrary to law, at less than the true cash value of the same, and less than the amounts which he knew the owners, if they desired to sell, would accept in full payment therefor; that the basis adopted by him was one-third or about one-third, or one-half, the real or cash value of the property, and there was practically no assessment of personal property in the city in said year; and that the pretended assessment was illegal, inequitable, unjust, and absolutely null and void. As a conclusion of law the court held that the plaintiff was entitled to an order staying proceedings and for a reassessment pursuant to law; and such an order was entered.

Defendants excepted to the first and third findings of fact, and to the conclusion of law, and appealed from the order.

*H. J. Huntington*, for the appellants.
*W. J. Lander*, for the respondent.

CASSODAY, J. There is not a particle of evidence to sustain the finding that the plaintiff is, and was on the 1st of May, 1877, the owner of the premises in question. Without such ownership it is very clear that this action cannot be maintained. This is virtually conceded by counsel; but it is said that on the first trial the defendants admitted the plaintiff's title, and that such admission was preserved in the first bill of exceptions. The record of the proceedings upon the trial had in January, 1880, however, is not here for review. The only bill of exceptions before us for consideration is the record of the proceedings had upon the trial in November, 1881, and that is certified to " contain all the evidence given on the trial," and it fails to contain any admission or proof of title. As the only record before us contains no evidence nor admission to sustain this essential finding of fact, the error becomes manifest, and cannot be obviated nor cured by an assertion that some other record before us upon some former appeal did contain such admission. The failure to make the proof or incorporate such admission, if made, into this record, was probably a mere inadvertence, but such failure is nevertheless a fatal error.

It has often been held that discriminations in the valuation and assessment of property, arising from mistake of fact or errors in computation or judgment on the part of assessors, do not necessarily vitiate a tax, but that an intentional disregard of law in such discrimination does. *Weeks v. Milwaukee*, 10 Wis., 264; *Dean v. Gleason*, 16 Wis., 15; *Hersey v. Supervisors*, 16 Wis., 185; *Smith v. Smith*, 19 Wis., 615; *Lefferts v. Calumet Co.*, 21 Wis., 688; *M. I. Co. v. Hubbard*, 29 Wis., 51; *Hersey v. Barron Co.*, 37 Wis., 75; *Marsh v. Clark Co.*, 42 Wis., 510.

We have very grave doubt as to the evidence being suffi-

cient to justify us in holding an intentional discrimination in the valuation and assessment of the property in the city during the year in question. But, on account of the inadvertence above referred to, and the statement of counsel for the respondent that the trial court regarded the taking of the testimony as a mere formal matter, and interposed and prevented the taking of further testimony, we have concluded not to order a final disposition of the case upon this appeal, but to confine our determination to the failure to prove title, leaving the other question open for future consideration. For these reasons the order of the circuit court will be reversed, and the cause remanded for a new trial.

*By the Court.*— So ordered.