GEORGE S. GRIER and J. ALEXANDER HARRIS, composing the firm of J. ALEXANDER HARRIS & Co., Plaintiff in Error, vs. ZACHARIAH DEPUTY, Defendant in Error.

WRIT OF ERROR TO THE SUPERIOR COURT OF KENT CO.

**Evidence. Partnership.**—Where it is sought to charge a person as a partner in a suit against the firm by a third person, evidence that a notice of such partnership was published and brought to the attention of the alleged partner who neither affirmed nor denied it, is admissible to charge him with such notice.

**Same.**—Evidence of general reputation that a certain person was a partner in a firm is not admissible to charge him as such partner.

This was an action of assumpsit in which the plaintiff sought to charge Grier as a partner in the defendant firm. At the trial there was evidence introduced tending to show the fact of partnership by general reputation. Exception was taken and the admissibility of such testimony was the question raised by the first error assigned.

Evidence was also admitted that Harris had obtained a publication in a newspaper, as a matter of news, of the fact that Grier had become a member of the firm. It also appeared by the evidence of the publisher that Grier was a subscriber to the paper and had called on him at the newspaper office and asked to see the item in question, and it was read to him, after which nothing was said. Exception was taken to the admission of this testimony and was the basis of the second error assigned. What transpired at the trial in the court below appears more fully in the report of that case in this volume, *post.*

A writ of error was taken to the June term, 1893.

The case was heard before WOLCOTT, Ch., LORE, C. J., and MARVEL, J.

*N. B. Smithers, J. R. Lofland* and *C. W. Cullen,* for the plaintiff in error.

*Edward Ridgely, James Pennewill* and *William F. Causey,* for the defendant in error.

In a suit by third persons against persons whom it is sought to charge as partners strict proof of the existence of the partnership is not required, but all the circumstances from which its existence may be fairly and reasonably inferred are proper for the consideration of the jury. *Gilpin vs. Temple,* 4 Harring. 190 ; *Robinson vs. Greem's Adms.,* 5 Harring. 115 ; 1 Lindley, Partnership [40.]

Argument.

It is not necessary that the evidence should bear *directly* upon the issue. It is admissible if it *tends* to prove the issue, or constitutes a link in the chain of proof, although, alone, it might not justify a verdict in accordance with it. Nor is it necessary that its relevancy should appear at the time when it is offered, it being the usual course to receive at any proper and convenient stage of the trial, in the discretion of the Judge, any evidence which the counsel shows will be rendered material by other evidence, which he undertakes to produce. 1 Greenl. Evidence, § 51a and cases cited.; *Sanders vs. Stokes*, 30 Ala. 432; *Columbus & Co. vs. Semmes*, 27 Ga. 283; *Farwell vs. Tyler*, 5 Iowa 535; *Haughey vs. Strickler*, 2 W. & S. 411; *Tams vs. Bullitt*, 35 Pa. St. 308; *Tucker vs. Peaslee*, 36 N. H. 167; *Ichuchardt vs. Allens*, 1 Wall. 359; *Beldon vs. Lamb*, 17 Conn. 441; 7 A. & E. Encyc. of Law, 47, note 2.

It is not necessary in such suit to prove an actual partnership, but simply that the defendant so conducted himself as to lead other people to suppose that he was willing to be regarded by them as if he were in fact a partner, and in such case he becomes equally liable as if he were a partner in fact. If it is shown that he held himself out to be a partner under such circumstances of publicity as to satisfy the jury that the plaintiff knew it and believed him to be a partner he would be liable as such. *Dickinson vs. Valpy*, 10 B. & C. 140.

The defendant would be bound by an indirect representation to the plaintiff arising from his conduct as much as by a statement in express terms that he was a partner. 1 Lindley, Partnership 42; *Waugh vs. Carver*, 2 H. Bla. 235; *Dickinson vs. Valpy,* 10 B. & C. 140; *Gilpin vs. Temple*, 4 Harring. 190.

Whether a defendant has or has not held himself out to be a partner is in every case a question of fact, not a question of law. And even where he is held out to be a partner by others, the authority so to do need not be express, but it may be inferred from his conduct. 1 Lindley, Partnership 44 & 45. In general an admission may be presumed not only from the declaration of the party,

but even from his acquiescence or silence. 2 Stark., Evidence 37 & 38. 1 Greenl. Evidence, § 197; 1 Taylor, Evidence 700; 7 Encyc. of Law 53, note 1 and cases cited.

A person who knows that his name is used by another person as a partner, without his consent, should publicly disclaim the connection; otherwise his acquiescence will be inferred. *Wright vs. Boynton & Hayward,* 37 N. H. 22.

All admissions arising, or fairly to be inferred from the acquiescence of a party, are competent evidence to be submitted to the jury, in connection with the other testimony relating to it. *Dutton et al. vs. Woodman et al.,* 9 Cush. 262.

If a party knows that his name is published in a city directory as a partner, and he makes no objection to it, it is evidence properly to be submitted to the jury for their consideration. *Johnson vs. Lathrop,* 104 Pa. 368 and 369.

If one suffers another to hold him out as a partner or to use his name in business as such and does not object to it, he is liable as a partner on a contract thus made, although in fact he had no interest in the business of such partnership. *Smith vs. Hill, et al.,* 45 Vt. 92.

If one is held out as a partner and he knows it he is chargeable as one unless he does all that a reasonable and honest man should do under similar circumstances to assert and manifest his refusal and thereby prevent innocent parties from being misled. *Fletcher vs. Pullen & Co.,* 70 Md. 205, 213, 214, 215. Parsons, Part. Sec. 134.

*Jan. 16, 1894.*

After argument it was considered by the Court that the evidence relating to the newspaper publication was properly admitted, and therefore that the second error assigned should not be sustained, but that the testimony of general reputation to prove partnership was inadmissible, and, counsel on both sides assenting to this view, it was " ordered, adjudged and decreed with the consent of counsel,

that the judgment of the Court below be and the same is reversed upon the first exception, being the admission, by said Superior Court, of testimony of general reputation as to the existence of a partnership between the defendants below, etc."

WRIT OF ERROR TO THE SUPERIOR COURT OF KENT CO.

**Evidence. Partnership.**—Where it is sought to charge a person as a partner, in a suit against the firm by a third person, evidence that a notice of such partnership was published and brought to the attention of the alleged partner who neither affirmed nor denied it, is admissible to charge him with such notice.