## Dave King and Edith King v. Commonwealth.

(Decided September 26, 1913).

### Appeal from Daviess Circuit Court.

1. Bawdy House—Evidence of Reputation of House—Nuisance.—In a prosecution against a defendant for keeping a bawdy house, evidence of the general reputation of the house, and that it had possessed for several years the reputation of being a disorderly house, is admissible, but it will not alone be sufficient to warrant a conviction, since there must be some evidence aside from reputation which corroborates the proof of reputation; and this may be either direct or circumstantial.

2. Nuisance—Abatement of—Location of.—It is not necessary to specify the location of a nuisance further than to show that it is within the jurisdiction of the court, unless it is desired to obtain an order of abatement, or the locality is an essential ingredient of the offense.

3. Nuisance—Abatement of—When Location Must Be Set Out.— Where the object desired by an indictment is an abatement of the nuisance, the location of the nuisance must be set out in the same manner as the place of a forcible entry, where restitution is to be awarded.

4. Bawdy House—Indictment for Keeping—Location Indefinite.— Where an indictment charged the defendants with keeping a bawdy house "on Mulberry Street in Owensboro, Kentucky," the location of the alleged bawdy house was not sufficiently definite to authorize the court to enter a judgment abating the nuisance.

LOUIS I. IGLEHEART for appellants.

JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellants, Dave King and Edith King, were found guilty of maintaining a common public nuisance in Owensboro, and each of them was fined $37.50. The nuisance consisted in the keeping of a bawdy house on

Mulberry street in the city of Owensboro. The circuit judge entered a judgment upon the verdict; awarded a *capias pro fine,* and further ordered and directed the defendants to abate said nuisance within five days and to keep it abated, and to cease keeping a bawdy house at said place, or anywhere in the city of Owensboro. The judgment further directed the sheriff to visit the premises of the defendants after the expiration of five days and inspect same; to ascertain whether or not said nuisance had been abated by the defendants, and report to the court at its next term whether it had been abated. The defendants were directed to permit the sheriff, or his deputy, to inspect the premises for the purpose of ascertaining whether they had complied with the order; and the action was continued on the order to abate the nuisance, and for a report of the sheriff, as above indicated. From that judgment the defendants prosecute this appeal under the authority of Leitchfield Mercantile Co. v. Commonwealth, 143 Ky., 162.

The appellants urge the two following grounds for a reversal of the judgment: (1) The court erred in refusing to instruct the jury at the conclusion of all the evidence to acquit the appellants; and (2), it erred in entering a judgment directing the appellants to abate the nuisance. We will consider these grounds in the order given.

1. The only evidence introduced by the Commonwealth in support of the averments of the indictment was to the effect that the reputation of the house in which appellants lived was bad, and that it had the reputation of being a bawdy house. This was shown by four policemen whose testimony was confined entirely to the general reputation of the house occupied by the appellants on Mulberry street.

The rule of evidence in cases of this character is not uniform in the different States. In 14 Cyc., 503, it is said:

"Under common law principles it would seem that evidence of the general reputation of a house would be inadmissible upon the issue of whether it is a bawdy house, and so quite a number of authorities hold; but very many authorities hold that the reputation of the house is admissible."

The first class of cases in which the common law principle is applied and the evidence of general reputation is held to be inadmissible, proceeds upon the

theory that the offense does not consist in keeping a house reputed to be a bawdy house, but in keeping one that is actually such. This rule is applied in Alabama, Illinois, Iowa, Maine, Maryland, Mississippi, New York, Oklahoma, and in the Federal courts. On the contrary, evidence of the general reputation of the house is admitted in Colorado, Dakota, Florida, Georgia, Idaho, Indiana, Kentucky, Louisiana, Minnesota, Nebraska, Pennsylvania, South Carolina, Texas and Wisconsin.

Evidence of general reputation was expressly held to be admissible in Burton v. Commonwealth, 4 Ky. L. R., 532. And in Rhodes v. Commonwealth, 10 Ky. L. R., 722, it was held to be competent for the Commonwealth to prove the general reputation or virtue of a woman who was seen frequently at the house. Under the Kentucky rule, therefore, such testimony was admissible.

This further question, however, arises: Is evidence of the bad reputation of the house alone sufficient to support the verdict?

In Underhill on Criminal Evidence, 2nd Ed., section 482, the author says:

"The reputation of the house as given in evidence may extend for two or three years prior to the earliest date alleged in the indictment provided it was during that time occupied by the accused, but proof that the premises mentioned in the indictment had possessed for several years past the reputation of being a disorderly house will not alone be sufficient to warrant a conviction, for there must be some evidence aside from reputation which corroborates the proof of reputation, and this may be either direct or circumstantial."

This rule seems to have the support of authority and reason, and in our opinion is the proper rule in such cases.

The Commonwealth therefore, having failed to support the evidence as to the bad reputation of the house with substantive testimony upon that point, it failed in its proof, and the circuit court should have directed an acquittal.

2. Did the circuit court err in entering a judgment of abatement?

Appellants contend that the judgment in this respect was unauthorized because the indictment does not accurately describe the location of the nuisance; it merely charges appellants with keeping a bawdy house "on

Mulberry street in the city of Owensboro, Kentucky.'' The verdict of the jury merely found the appellants guilty as charged in the indictment, while the judgment attempts to enlarge upon the indictment by reciting that the jury found the defendants guilty of maintaining a nuisance, to-wit, ''a bawdy house in the city of Owensboro on Mulberry street at house No. ————.''

In 29 Cyc., 1283, it is said:

''It is not necessary to specify the location of the nuisance, further than to show that it is within the jurisdiction of the court, unless it is desired to obtain an order of abatement, or the locality is an essential ingredient of the offense.''

In Commonwealth v. T. J. McGibben Co., 101 Ky., 199, the indictment charged the defendant with maintaining a nuisance, which consisted in collecting the refuse and offal from cattle fed at a distillery to such an extent as to corrupt the air and pollute the water of the South Fork of Licking River, into which it had been emptied. In the course of the opinion, the court said:

''The third objection to the indictment is that the object desired being an abatement of the nuisance, the location must be set out in the same manner as the place of a forcible entry where restitution is to be awarded (2 Bishop's Criminal Procedure, 866.) While it is entirely true that no order of abatement could be obtained unless the location were so given, such an averment is not necessary to the sufficiency of the indictment.''

Again, in Commonwealth v. City of Somerset, 14 Ky. L. R., 238, the Superior Court held that while an indictment for a nuisance must describe the location of the nuisance with certainty, yet an indictment against a city for permitting a nuisance, which alleges the city permitted a certain street, naming it, to become filled with mud, stones and other material, which prevented public travel along said street, is sufficiently specific as to the location of the nuisance, as the fair inference is that the city had permitted the whole street to become a nuisance. It further held, however, that had the indictment charged that the city caused or permitted a nuisance ''on'' or ''near'' the street named, without further describing the location, it would have been defective.

And finally, in Ehrlick v. Commonwealth, 125 Ky., 742, where the indictment charged the defendant with the offense of maintaining a pool room to the common

nuisance and annoyance of all the good citizens of the Commonwealth, the court said:

"There was a judgment of abatement entered against appellant, requiring him to abate the nuisance found by the verdict of the jury and the judgment of the court. The object of criminal law is mainly to prevent crime. A common nuisance can be abated only at the suit of the Commonwealth, unless some members of the community suffers exceptional and peculiar damages from it. A way open to the Commonwealth is to proceed by indictment, as was done in this case, where, under a verdict of guilty, the Commonwealth is entitled as a matter of law and right to have the nuisance so found thereafter abated. Selfried v. Hays, 81 Ky., 377; Gates v. Blincoe, 2 Dana, 158, 26 Am. Dec., 440; Ashbrook v. Commonwealth, 1 Bush, 140, 89 Am. Dec., 616. It is not adequate to leave the Commonwealth to repeated prosecutions.

"Appellant complains that the indictment is not clear and direct as to the offense charged. There is but one offense charged, and that is correctly stated in the accusatory clause of the indictment. To properly state the offense, the facts showing it must also be stated, and, *if an abatement is sought, a continuance of the nuisance must be alleged, as well, perhaps, as a description of the place where it is allowed.* Commonwealth v. Enright, 14 Ky. L. R., 894; Commonwealth v. Megibben, 101 Ky., 195; Commonwealth v. City of Somerset, 14 Ky. L. R., 238; C. & O. Ry. Co. v. Commonwealth, 88 Ky., 368."

See, also, 2 Roberson's Criminal Law, section 629, where the rule above announced is fully recognized.

We must conclude, therefore, that the judgment of the circuit court directing the abatement of the nuisance was not authorized under the averments of the indictment.

For the errors indicated the judgment is reversed, and the cause remanded for further proceedings.