## EDWARD DINGLE *vs.* JOHN HICKMAN.

ASSAULT AND BATTERY—IN CIVIL ACTION FOR DAMAGES FROM ASSAULT AND BATTERY, EVIDENCE OF PLAINTIFF'S REPUTATION HELD ADMISSIBLE.

In a civil action for damages for assault and battery, where self-defense is relied upon, the reputation of the plaintiff for being quarrelsome and violent is admissible, notwithstanding the usual rule that general reputation of a party to a civil action cannot be proved.

(*April* 11, 1922.)

RICE and RODNEY, J. J., sitting.

*Daniel J. Layton* for plaintiff.

*James M. Tunnell* for defendant.

Superior Court for Sussex County, April Term, 1922.

Capias Case, No. 3, February Term, 1921.

Action of trespass vi et armis for damages alleged to have been sustained by the plaintiff by reason of being struck by the defendant with a shovel. The defendant relied on self-defense.

At the trial, counsel for defendant asked the defendant the following question:

"At the time of this disturbance between you and Mr. Dingle, did you know Mr. Dingle's reputation for turbulence, violence and disorder, in the community in which he lived?"

Counsel for plaintiff objected to the question, contending that while reputation for turbulence or violence was admissible in certain criminal cases (*State v. Wiggins*, 7 *Penn.* 127, 76 *Atl.* 632; *State v. Short*, 2 *Boyce* [25 *Del.*] 491, 82 *Atl.* 239), the same rule did not apply in civil cases (*Millington's Ex'r v. Culbreth*, 5 *Penn.* [*Del.*] 505, 63 *Atl.* 309; *Jones on Evidence, vol. 1, pp.* 750, 752, 753 and 790).

Counsel for defendant admitted that reputation of this character was not usually a matter in issue in civil cases, but contended that in assault and battery, when self-defense was relied on, the reputation of the plaintiff for being quarrelsome and violent might be shown, when such reputation was known to the defendant. 3 *Cyc. p.* 1093 and 5 *C. J. p.* 681.

RICE, J.: We have given this matter such consideration as was possible in the brief time at our disposal, and we think there is no question but that the usual rule that the general reputation of a party to a civil action cannot be proved, is recognized in this state; but we also believe that by the general weight of authority there are certain exceptions to this general rule. One of the exceptions is where, as in an action of this kind, the defendant relies on self-defense. In such cases we think the great weight of authority in this country holds that evidence of the violent character of the plaintiff, when known to the defendant at the time of the assault, is admissible. We, therefore, overrule the objection.