STATE *vs.* ISAAC H. STILL.

*(February* 2, 1926.)

HARRINGTON and RICHARDS, J. J., sitting.

*Howard J. Cooke*, Deputy Attorney-General, for the State.

*James M. Tunnell* for defendant.

Court of General Sessions for Sussex County, February Term, 1926.

No. 21, February Term, 1926.

HARRINGTON, J., delivering the opinion of the Court:

The cases cited by the State involve indictments for keeping houses of ill fame. *King v. Commonwealth*, 154 *Ky.* 829, 159 *S. W.* 593; *State v. Hull*, 18 *R. I.* 236, 26 *A.* 191, 20 *L. R. A.* 609, 615.

It is conceded by the defendant that evidence of the general reputation of the house is sometimes admitted when the particular nuisance alleged consists in keeping a house of this character. In admitting such evidence, the Courts have apparently applied two theories:

1. That the particular statutory charge relied on makes reputation an essential element of the State's case (*Wharton on Crim. Ev.*, § 261 and notes; *Wigmore on Ev.*, §§ 78, 1620; 18 *C. J.* 1266, 1267; *Chamberlayne's H. B. on Ev.*, § 874), though this rule is not universally applied. 18 *C. J.* 1266, 1267; *State v. Boardman*, 64 *Me.* 523.

2. Necessity—the same ground on which reputation is admitted to prove the character of an individual. *Chamberlayne's H. B. on Ev.*, § 1037; *Wigmore on Ev.*, § 1620. See, also, 18 *C. J.* 1266, 1267.

There are, also, numerous cases that reject this rule on the ground that the matters alleged are susceptible of proof by the direct evidence of witnesses speaking from their own knowledge, and that the rule of necessity can, therefore, have no application. *Henson v. State*, 62 *Md.* 231, 50 *Am. Rep.* 204; *Wooster v. State*, 55 *Ala.* 217, 221; *King v. Commonwealth*, 154 *Ky.* 829, 159 *S. W.* 593, 48 *L. R. A.* (*N. S.*) 253; *Comm. v. Stewart*, 1 *Serg. & R.*(*Pa.*) 342. See, also, 18 *C. J.* 1266.

Whatever the rule may be where the nuisance relied on is the keeping of a house of ill fame, the charge here is based on the keep-

ing of a disorderly house; the specific acts of disorder relied on as constituting a nuisance being enumerated in the indictment, and all of which are capable of proof by the direct evidence of witnesses. That the evidence offered is not admissible, because of any particular language in the act upon which the indictment is based, is clear.

It is true that in addition to proof of certain traits of character of individuals in the usual cases, including truth and veracity, honesty and fair dealing, peace, good order and observance of the law, chastity, morality and decency and the like (*Spain v. Rossiter*, 2 *W. W. Harr.* [32 *Del.*] 168, 120 *A.* 746; *State v. Jones*, 4 *Penn.* 114, 53 *A.* 858; *State v. Conlan*, 3 *Penn.* 218, 50 *A.* 95; *Short v. State*, 4 *Harr.* 568), the Courts of this state have applied the necessity rule, to proof of certain other facts by general reputation. In *Downs v. Rickards*, 4 *Del. Ch.* 416, general reputation for insolvency was admitted to show knowledge of that fact. See, also, *Wigmore on Ev.*, § 1623; *Greenleaf on Ev.*, § 101; *Griffith v. Parks*, 32 *Md.* 1.

In *State v. Burris*, 4 *Harr.* 582, the general reputation of one Griffith for being a kidnapper was admitted against the defendant to show the intent with which he aided Griffith in performing certain acts.

In certain negligence cases, the general reputation of an employee to show the knowledge of his employer that he was incompetent has also been admitted. *Giordano v. Brandywine Granite Co.*, 3 *Penn.* 423, 52 *A.* 332. See *Wigmore on Ev.*, § 249; *Chamberlayne's H. B. on Ev.*, § 974; *Guy v. Lanark Fuel Co.*, 72 *W. Va.* 728, 79 *S. E.* 941, 48 *L. R. A.* (*N. S.*) 536.

Where self defense was relied on by the defendant, the general reputation of the deceased in certain homicide cases has been admitted as circumstantial evidence, tending to show whether the act of such defendant was justified. *State v. Lynch*, 2 *W. W. Harr.* (32 *Del.*) 597, 128 *A.* 564; *State v. Long*, 2 *W. W. Harr.* (32 *Del.*) 380, 123 *A.* 350. See *Wigmore on Ev.*, § 247.

The same principle has likewise been applied to cases of aggravated assaults in both civil and criminal cases. *Dingle v. Hick-*

*man*, 2 *W. W. Harr.* (32 *Del.*) 49, 119 *A.* 311; *State v. Lee*, 1 *Boyce* 18, 74 *A.* 4.

It was, also, originally applied as circumstantial evidence of the existence of a partnership relation where it was claimed that a person had by some act or declaration held himself out as a partner. *Gilpin v. Temple et al.*, 4 *Harr.* 190. See, however, *Grier et al. v. Deputy*, 1 *Marv.* 19, 40 *A.* 716, where the Court below (1 *Marv.* 100 ,40 *A.* 714) was apparently reversed, by consent of counsel, for admitting such evidence. See, also, *Wigmore on Ev.*, § 1624. It is clear that none of these cases support the contention of the State in this case.

In *Robinson v. Burton*, 5 *Harr.* 335, 339, which was an action for seduction, the question was whether the general reputation of Robinson, in regard to looseness with women of dissolute character could be inquired into. The Court, among other things, said:

"We do not think that this can be proved by mere general reputation, as in case of proof of want of veracity. That rests on general report, and cannot be proved by particulars, and it is followed by the witness' own judgment as to the effect of such general reputation. The general character of the plaintiff for dissolute habits, on the contrary, can be proved by particulars, and the witness cannot give his impressions with regard to it."

Evidence of reputation to prove insanity was, also, treated as a matter of mere personal interest, readily proved by direct evidence and rejected in the unreported case of *Devereaux v. Devereaux, Kent County, No.* 19, July Term, 1921. See, also, *Wigmore on Ev.*, § 1621; *Chamberlayne's H. B. on Ev.*, §§ 656, 874, 1032.

Our conclusion, therefore, is that the evidence offered violates the hearsay evidence rule, and cannot be admitted to prove the nuisance alleged in the indictment (*Greenleaf on Ev., vol.* 3, §186; *Wigmore on Ev.*, § 1626), and that the objection of the defendant must be sustained.