STATE, Appellant, vs. GETHER COMPANY, imp., Respondent.

*December 10, 1930—January 13, 1931.*

For the appellant there was a brief by the *Attorney General* and *Adeline J. Meyer,* assistant attorney general, and oral argument by *Miss Meyer.*

For the respondent there was a brief by *Herbert Piper* of Milwaukee, attorney, and *Marvin W. Wallach* of Chicago of counsel, and oral argument by *Mr. Wallach.*

FOWLER, J. The defendant concedes that title to land passes to the State by escheat at the death of the owner without widow or kindred (art. IX, sec. 3, Const.; art. X, sec. 2, Const.; sec. 237.01, Stats.); but contends that even so, the State takes by escheat only the right to redeem from tax sales theretofore made and in the instant case took only the right to redeem from the sale of 1916 for the unpaid tax levied in 1915; and contends further that if the taxes laid and the tax sales made after the escheat to the State were void, this does not affect its title under its tax deed based upon the 1916 tax sale.

(1) The position of the defendant is correct. The issue of the certificate on the tax sale of 1916 for the 1915 tax gave to the purchaser at the sale and his assignee a contract right to a tax deed upon compliance with the statutory regulations at any time after three years from the tax sale unless redemption should be made before issuance of the deed. Sec. 75.01; *Robinson v. Howe,* 13 Wis. 341. Anybody but the State taking the property, whether by descent or purchase,

would take it subject to the legal title passed by the tax sale. That the State acquired an equitable title by escheat gave it no greater right than any other owner of the equity would have had. The State acquired by escheat no greater interest in the land than the owner had at his death, and the extent of his interest was the right of redemption from the tax sale as the tax sale had conveyed the title subject to this right. 3 Thompson, Real Property, § 2422; 21 Corp. Jur. p. 859; 10 Ruling Case Law, p. 616.

(2) The State contends that sec. 74.57 (1) and (2), passed July 7, 1917, operates to give it the right to redeem from the two tax sales of 1916 and 1917 and to render the tax deeds void. These paragraphs provide that it shall not be lawful for the authorities to sell for delinquent taxes any lands which shall have been acquired by the State after the taxes have become a lien thereon and that no tax deed shall be issued on any land which shall have been acquired by the State after the same shall have been sold for taxes and a tax-sale certificate issued. But the tax of 1915 was a lien and the tax-sale certificate of 1916 had been issued when this statute was passed. The statute only purports to apply to tax sales made after the State has acquired title, so it has no force to render the 1916 tax sale void. The tax sale being valid and the certificate having passed the tax-sale title, the holder of this title acquired a contract right to a tax deed unless redemption should be made. *Robinson v. Howe, supra.* This contract right the legislature could not impair. It would be contrary to sec. 10, art. I, of the United States constitution to give the statute retroactive effect and apply it to void the tax deed. There are provisions in the statute cited for making redemption from tax sales, but these can apply only to redemption from tax sales made after the State acquires title and to redemption from tax sales theretofore made before issuance of tax deeds thereon.

(3) The State contends that under sec. 281.02 (2) it is

entitled to judgment against the defendants who did not appear to contest the State's title. We discover nothing in the paragraph cited to support the contention. The section relates to the form of judgment in actions to quiet title, which are based upon plaintiff's adverse possession. Adjudications against defendants not contesting are limited by sec. 281.01 (1) to cases in which the "plaintiff shall be able to substantiate his title." As the State has not substantiated its title and does not claim by adverse possession, no reason exists for adjudging that the non-appearing defendants should release their claims to the State.

(4) The State contends that costs were improperly assessed against it. In this it is correct. Costs may not be taxed against the State without statutory authority, and there is no such authority. *Frederick v. State,* 198 Wis. 399, 224 N. W. 110.

*By the Court.*—The judgment of the circuit court is modified by striking therefrom the provision for costs, and as modified is affirmed. The defendant will pay the costs of the clerk of this court, but otherwise no costs will be taxed against it on appeal.