KIDDER and wife, Respondents, vs. PUESCHNER, imp., Appellant.

*February 7—March 7, 1933.*

For the appellant there was a brief by *S. J. Conway* of Crandon and *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *R. B. Graves.*

For the respondents there was a brief by *Max Van Hecke,* attorney, and *F. J. Smith* of counsel, both of Merrill, and oral argument by *Mr. Smith.*

FOWLER, J.   The plaintiffs claim title under a deed executed in 1904 from the Keshena Improvement Company of government lot 2, section 28, township 37 north, of range 12 east, and other lands.   Lot 2 borders on Pine Lake and is in the southwest quarter of the northeast quarter of the said section.   In 1894 the Keshena Improvement Company executed a deed to R. S. Coffin describing by metes and bounds a tract of land bordering on the lake recited as containing ten acres, more or less, which included the part of lot 2 lying on the west shore of the lake.   The description of this deed is definite and certain.   The starting point of the description is readily located as the point where the north line of the right of way of the Minneapolis, St. Paul & Sault Ste. Marie Railway meets the meander line of Pine Lake, and this definitely locates the tract and with the rest of the description fixes it as bordering on the lake, and as the east part of the land in lot 2 that so borders.   It is the claim of the defendant that this deed conveyed the ten-acre tract, and that as the title to this tract had passed from the Keshena Company prior to the execution of the conveyance under which the plaintiffs claim, the plaintiffs' deed conveyed no title and their case necessarily falls.   This point is well taken and the complaint must be dismissed unless the plaintiffs have shown that the deed to Coffin was

void. *Brauns v. Green Bay,* 55 Wis. 113, 12 N. W. 463. The Coffin deed is regular on its face and was duly recorded shortly after its execution. The only attack on it is that at the end of the metes and bounds description it contains the recital "being a fractional part of the east part of the northeast quarter of section 28." The east part of the northeast quarter of the section is in the lake. The meaning the recital was intended to convey doubtless is that the ten acres is the east part of the land that lies in the northeast quarter of the section, not the east part of the northeast quarter of the section. And if we take the description as referring to a parcel of land lying in the east part of the northeast quarter of the section it is a manifest mistake. And as the metes and bounds of the description definitely locate the land conveyed, the mistake does not defeat the grant. *Thompson v. Jones,* 4 Wis. \*106, 124; *Watson v. Wilcox,* 39 Wis. 643, 648; *Siedschlag v. Griffin,* 132 Wis. 106, 112 N. W. 18; *Lins v. Seefeld,* 126 Wis. 610, 105 N. W. 917; *Brown v. La Crosse City G. L. & C. Co.* 16 Wis. \*555, 578; *Hartung v. Witte,* 59 Wis. 285, 299, 18 N. W. 175; *Grossbach v. Brown,* 72 Wis. 458, 463, 40 N. W. 494.

The recording act gives no advantage to the plaintiffs because the deed under which defendant claims title was recorded before the deed under which plaintiffs claim was executed, and under that act all persons dealing with land are chargeable with knowledge of the contents of any instrument recorded at length, and omission to index the metes and bounds description as a part of lot 2, if there was such omission, does not aid the plaintiffs. *St. Croix Land & L. Co. v. Ritchie,* 73 Wis. 409, 41 N. W. 345, 1064; *Oconto Co. v. Jerrard,* 46 Wis. 317, 50 N. W. 591. Purchasers of land are conclusively presumed to know of every conveyance properly recorded by which the title to the land may be affected and take subject to its legal effect. *Fallass*

*v. Pierce,* 30 Wis. 443; *Schwallback v. Chicago, M. & St. P. R. Co.* 69 Wis. 292, 34 N. W. 128; *Gilchrist v. Foxen,* 95 Wis. 428, 70 N. W. 585; *Perkinson v. Clarke,* 135 Wis. 584, 116 N. W. 229.

As title to the tract was not in the grantor in the deed upon which plaintiffs' title rests, the complaint must be dismissed irrespective of the validity of the title of the defendant Pueschner.

The validity of Pueschner's title is involved under his counterclaim, however. As heretofore stated, that title rests upon a tax deed. The tract was placed upon the assessment roll in 1911 as owned by Coffin by the description given in the deed from the Keshena Improvement Company to Coffin. Coffin built a cabin on the land and made a small clearing and lived there for a time while gate-tender of a dam formerly located on the land that controlled the flow from the lake into its outlet, the Wolf river. This cabin burned down at some time not shown by the record and was not rebuilt. Coffin never paid any taxes on the land. It was sold for taxes in 1915 for the tax of 1914, and a tax deed was issued thereon in 1918. The defendant Pueschner holds the title conveyed by this deed. The deed appears regular upon its face, and no attack is made upon it except that its description, which is the same as the description in the deed from the Keshena Improvement Company to Coffin, is insufficient to convey title, and that as lot 2 has always been assessed as a whole, taxation of the parcel which is included in it is void. However, the description in the tax deed and on the tax roll being sufficient, the deed conveyed the Coffin title and is immune from attack by Coffin or any one claiming under him under sec. 75.27, Stats., which excludes such attack unless made within three years from the recording of a tax deed. We discover no break in the chain of title under that deed and respondents point out none. That lot 2 has been assessed as a whole and

the taxes have been paid on it as a whole does not affect the title based on the assessment and taxation of the parcel. The inclusion of the ten-acre tract in the assessment and taxation of lot 2 has been improper if the Coffin deed is valid. The remedy of the holder of the title to lot 2 was to have the parcel excluded from the assessment of lot 2 if that deed was considered valid; or to void that deed if invalid and thereby exclude the tract from separate assessment and taxation. Action to void the deed has never been taken heretofore, and it is not voided by anything appearing in this action. It follows that the defendant Pueschner is entitled to judgment quieting the title in him as against the plaintiffs.

*By the Court.*—The judgment of the circuit court is reversed, with instructions to enter judgment dismissing the complaint and quieting the title in the defendant Pueschner as against the claims of the plaintiffs.