## Adams v. Commonwealth

June 16, 1950.

Ray L. Murphy, Judge.

Davies & Hirschfield for appellant.

A. E. Funk, Attorney General, and John B. Browning, Assistant Attorney General, for appellee.

JUDGE LATIMER—Reversing.

Gladys Adams, having been convicted of operating a disorderly house and given a fine of $200 and one year in jail, prosecutes this appeal.

Appellant urges four grounds for reversal: (1) The verdict was so palpably against the law and the evidence as to shock the conscience of the court and the court erred in not sustaining the motion of the appellant for a peremptory instruction at the close of the evidence for the Commonwealth. (2) The court erred in admitting evidence for the Commonwealth over the objection of the defendant. (3) The court misinstructed the jury and refused to properly instruct the jury. (4) The court erred in overruling defendant's plea in bar and abatement and in overruling defendant's plea of former acquital.

Since we have concluded that the cause must be reversed on the second ground, we shall discuss that proposition first. It appears that appellant was convicted primarily on the testimony of two officers of the Newport Police force who stated that they had, by official orders, been sent to investigate an alleged disorderly house other than the home of appellant. These officers testified that while they were watching this other place, they noticed two men going into appellant's house on the southeast corner of Third and Isabella Streets; that they waited for a little while and then knocked on the door. They were then invited in by Miss Adams. After this invitation in, officer Thiem directed the other attending officer to go upstairs to see what he could find. Officer Thiem then proceeded to look throughout the house, and in an adjoining room he found a Miss Robinson in the nude. He stated that he observed a man or men leaving through a back door. Objection was interposed by appellant to the introduction of any evidence obtained by these officers after they were admitted into the home because they had no search warrant. The question, then, is: Did the mere invitation by Miss Adams to come in also permit the officers to go throughout and make a search of the home? If not, then appellant must prevail and the evidence obtained through search, after being admitted into the home, should not have been admitted. If an invitation to come in carries with it permission to search throughout the house, then the Commonwealth must prevail.

We gather from the record that Miss Adams and the officers had known each other for some time. When these officers knocked on the door, she, like any one else would have done, invited them in. The record does not show that the officers informed her they were there to make a search or to investigate, but merely upon her invitation to come in, instituted their search. The protection against unreasonable search has been and must be consistently and zealously guarded. To say that a mere invitation to come in, in response to a knock at the door, means an invitation to and permission to make a search of the entire home, would be going entirely too far. The court should not have permitted the introduction of anything that was seen by the officers through their search of the house.

Other evidence objected to was the testimony of the officers relative to the bad reputation of the premises and also the testimony to the effect that the accused's reputation for immorality and prostitution was bad. It cannot be plausibly argued that in seeking a conviction for operating a disorderly house that testimony concerning the bad reputation of the premises would be inadmissible. Closely associated with such admissible evidence of reputation of the premises, in support therof is also the reputation of the operator for immorality and prostitution. See King v. Commonwealth, 154 Ky. 829, 159 S. W. 593, 48 L. R. A., N. S., 253, and State v. Lewis, 226 Iowa 98, 283 N. W. 424. We find no merit in this contention.

It is insisted that instruction should have been given under Section 240 of the Criminal Code of Practice; that is, that a confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied with other proof that such an offense was committed. It will be noted, first, that the alleged statements made by the defendant to the officers, upon entry into the house, that "I admit it. We are operating" and "If we are going to be arrested, I prefer it to be me" were made before any charge was made against her. These were merely admissions against interest. Under the circumstances here no such instruction was necessary. See Sargent v. Commonwealth, 263 Ky. 429, 92 S. W. 2d 770, and the cases cited therein.

It is also urged that the court erred in overruling

defendant's plea in bar and abatement and in overruling defendant's plea of former jeopardy. The record discloses that two indictments were returned against the defendant; one in which she was charged with pandering, as denounced by KRS 436.040 (8); the other the charge before us. The trial of pandering resulted in an acquittal. The offenses of pandering and keeping a disorderly house are two separate offenses. Each contain elements necessary to be proven wholly immaterial in proof of the other. Under the pandering statute, designed to prevent financial gain from prostitution, it must be proven that a person was procured for another for the purpose of prostitution and a consideration received for such procurement. It is not necessary in prosecuting for maintaining a disorderly house to show that the house was kept for pecuniary profit or gain. Consequently, the court properly overruled the defendant's plea in bar and abatement and of former jeopardy.

Under (1) above it was contended that appellant was entitled to a peremptory instruction. After eliminating the evidence which the officers obtained through their search throughout the house, we have left testimony that two men were seen to enter this house, the statements above against interest, the reputation of the house and of the operator thereof, which, taken together, would be sufficient to take the case to the jury. However, because testimony of the officers, concerning matters obtained through their unreasonable search of the house was improperly admitted, as stated above, the judgment must be reversed.