WISCONSIN TELEPHONE COMPANY, Respondent, vs. LEHMANN, d/b/a W. R. LEHMANN & SON, Appellant.*

*November 9, 1956—January 7, 1957.*

* Motion for rehearing denied, with $25 costs, on March 5. 1957.

For the appellant there was a brief and oral argument by *Bernard J. Traeger* of Watertown.

For the respondent there was a brief by *Clifford & Fitzpatrick* of Watertown, and oral argument by *James A. Fitzpatrick*.

WINGERT, J. While the case was tried on the theory of ostensible agency, plaintiff's actual proof was that its employees having to do with the matter believed that defendant

and Wayne were partners as W. R. Lehmann & Son. We may assume for present purposes that the evidence warranted the jury in finding that there was reasonable ground for that belief, and that defendant was responsible for the misleading appearances. Nevertheless, plaintiff failed to offer any evidence that it changed its position to its detriment in reliance on that belief, and hence defendant's motion for a nonsuit should have been granted.

The general principle applicable to cases of this kind is stated by a leading authority as follows:

"A person who is not actually a partner may render himself liable as though he were one, by so conducting himself as to reasonably induce third persons to believe that he is a partner and to act upon that belief. This rule is based upon the same principle as that which has been discovered in the law of Agency,—that a person may become liable for the acts of another who was not really his agent, if he has so conducted himself as to lead others reasonably to believe that such person was his agent. It is a case in which the principle of estoppel applies." Mechem, Elements of Partnership (2d ed.), p. 90, sec. 99. See also 40 Am. Jur., Partnership, p. 180, sec. 73.

The principle has been codified in the Uniform Partnership Act, under the heading "Partnership by Estoppel."

Sec. 123.13, Stats., provides:

"(1) When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, *on the faith of such representation, given credit to the actual or apparent partnership,* and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit. . . .

"(2) When a person has been thus represented to be a partner in an existing partnership . . . he is an agent of the persons consenting to such representation to bind them . . . with respect to persons who *rely upon the representation.* . . ."

The liability of the nonpartner being based on estoppel, it is essential to the cause of action that the party asserting liability must have been induced by the misleading appearance to change his position to his detriment.

"It [partnership by estoppel] involves some express or implied representation by the person in question that he is a partner, in reasonable and *bona fide* reliance upon which the person now seeking to hold him liable as such has extended a credit, or otherwise changed his position, in such a manner that he will now be prejudiced if the representation be denied. . . .

"The party seeking to hold him liable as a partner must, in the exercise of reasonable prudence and good faith, have relied upon such condition or thing and been misled by it." Mechem, Elements of Partnership (2d ed.), pp. 90, 91, sec. 100. See also 19 Am. Jur., Estoppel, pp. 733, 736, secs. 84, 85; 40 Am. Jur., Partnership, pp. 182, 183, sec. 78.

Estoppel *in pais* is an equitable doctrine, and in general does not operate against one unless his conduct has induced another to change his position to his prejudice. *Callaway v. Evanson,* 272 Wis. 251, 254, 75 N. W. (2d) 456; *Caveney v. Caveney,* 234 Wis. 637, 650, 291 N. W. 818; *Dixon v. Davidson,* 202 Wis. 19, 24, 231 N. W. 276.

Application of this principle to the evidence in the present case leads to the conclusion that there was no basis on which the jury could find for the plaintiff. There is no evidence in the record that plaintiff did anything it would not have done or refrained from doing anything that it otherwise would have done, had it known the true facts relative to the relationship between defendant and Wayne. There is no

evidence that plaintiff would not have furnished the service to telephone No. 196W or would have cut it off sooner if it had known that Wayne Lehmann was not a partner or authorized agent of the defendant. The service had theretofore been rendered when the telephone was listed in Wayne's name, and there is no showing that plaintiff would not have continued to render the service as long as the bills were paid, had it known that only Wayne would be responsible for payment. There is nothing to show that in changing the listing from Wayne's name to that of W. R. Lehmann & Son, plaintiff relied in any way on defendant's credit.

Since plaintiff was seeking to hold defendant liable by estoppel, it had the burden of proving the elements of estoppel. Having failed to offer any proof of change of position to its prejudice in reliance on the misleading appearance, plaintiff failed to make a *prima facie* case for the jury. Therefore, defendant's motion for nonsuit should have been granted.

*By the Court.*—Judgment reversed, with directions to enter judgment dismissing the complaint.