Kenneth R. BRAGG and Mildred M. Bragg,
his wife, Plaintiffs,

v.

Everett H. JOHNSON, Everett R. Johnson,
t/a Everett H. Johnson and
Son, Defendants.

Superior Court of Delaware.

Kent.

July 12, 1966.

Harold C. Schmittinger, of Schmittinger & Rodriguez, Dover, for plaintiffs.

Roy S. Shiels, of Brown & Brown, Dover, for defendants.

STIFTEL, Judge:

Trial without jury.

This is an action for damages for breach of contract and also to hold the defendant Everett R. Johnson liable to plaintiffs as a partner of his father, Everett H. Johnson, who operated as a general contractor and builder under the name of Everett H. Johnson and Son. Everett H. Johnson did not appear. It is conceded that no actual partnership existed between father and son.

Plaintiffs based their case on the claim that Everett R. Johnson was held out by his father as a partner by his authority or with his knowledge and consent, thus creating a "partnership by estoppel".

■ Since plaintiffs allege partnership by estoppel, they have the burden of proving it. See, Wisconsin Telephone Co. v. Lehmann, 274 Wis. 331, 80 N.W.2d 267, 270. Under the Uniform Partnership Act, 6 Del. Code § 1516, one subjects himself to partnership liability by words or conduct representing himself, or consenting to another's representing him, to anyone as a partner. See, also, Rowley on Partnership, Vol. 1, § 16.1 at 424 (1960).

Plaintiffs claim many facts in evidence support an estoppel, but they principally rely on the facts that the contract of April 1, 1963, to construct plaintiffs' home was typed on stationery bearing the trade name "Everett H. Johnson & Son"; that Everett R. was asked by his father in the presence of Kenneth Bragg if he thought the price of $17,500 was all right and the son said it seemed all right to him; that the father, in the presence of the son before the contract was signed, used the word "they" on one or two occasions; that Everett R. did purchase some material, that he made recommendations for the use of aluminum siding after the job had begun based on his perusal of a trade magazine; and further that changes in a fireplace were discussed by him.

■ Although the facts recited appear to be impressive, they do not legally create an estoppel under all facts and circumstances of this case. The theory of a partnership by estoppel in Delaware predates the provision in the Uniform Partnership Act (1929) by many years. Deputy v. Harris and Grier, 1 Marvel 100, 40 A. 714, reversed for limited reason, Grier v. Deputy, 1 Marvel 19, 40 A. 716 (1893). In the Superior Court charge (at p. 716), the Court stated, *inter alia*, as follows:

"* * * It must appear that the person dealing with the firm believed, and had a reasonable right to believe, that the party he seeks to hold as a partner was a member of the firm, and that the credit was to some extent induced by this belief * * * and whether a defendant has so held himself out, or permitted it to be done, is in every case a question of fact and not of law."

The query is, then, whether plaintiffs had a reasonable right to believe, under all the facts and circumstances, that Everett R. was a partner. The facts reveal his father had operated under the aforesaid trade name since approximately 1952, when Everett R. was in his early teens. It was not long after Everett R. returned from the Korean War that he became an employee of his father. When they talked to the Braggs it became apparent to the Braggs that Everett R. was a neophyte in the business and the Braggs admit that the father stated that the son was just learning the trade. At no time did the father state to the Braggs that his son was a partner. Nor did the Braggs make any inquiry in this direction. The Braggs admit this. The Braggs suggest that their final decision to enter into the contract was their belief that the son was a partner. This is difficult to comprehend since the son was a brand new addition to a twenty-five year old business. If Everett R.'s status had been important to the Braggs it would seem it would have been inquired into or mentioned. See Cooper v. Knox, 197 Va. 602, 90 S.E.2d 844, 847.

The son did not sign the contract. His name was mentioned in the text of the contract when the father and the Braggs signed it. Therein it was stated as follows:

"If, for any unknown reason said contractor could not complete said contract in the time specified in this contract, said contractors son, Everett R. Johnson, is authorized to complete said contract within the specified time in this contract."

It is unlikely that such language would have been used in the contract if the Braggs be-

lieved a partnership actually existed since the son, if he was a partner, would be equally responsible for constructing the home or be liable to the plaintiffs for failure to perform. It appears as if this sentence was inserted to obtain the Braggs' permission to authorize the son to finish the contract in the event the prime contractor, Everett H. Johnson, failed to do so.

■ The fact that the father used the pronoun "they" once or twice in the car in the presence of the son and the Braggs prior to the signing of the contract did not establish a partnership by estoppel. Compare, Cooper v. Knox, 197 Va. 602, 90 S.E.2d 844, 847; 1 Cavitch, Business Organizations, § 12.02[4] [e], p. 622.

■ The events that took place after the contract was signed, such as Everett R.'s recommendations on the fireplace and use of aluminum siding, should not be used to add weight to plaintiff's claim that Everett R.'s conduct justified their belief that he was a partner, because subsequent conduct by Everett R. could have no bearing on plaintiffs' reasons for originally signing the construction contract.

■ The attempt to make the son liable as a partner is an afterthought. It is action taken after it was discovered that the father was hopelessly insolvent and irresponsible. When criminal action was taken by the Braggs under 6 Del.Code § 3503, for criminal appropriation of funds, the son was not named as a defendant. I am satisfied that under the facts in this case, recited and unrecited, that plaintiffs were not misled to their detriment by any conduct on the part of Everett R. or by his silence. I am convinced that if plaintiffs had discovered that the son, Everett R., was an employee and not a partner, it would not have kept them from signing the contract. Everett H. had been recommended to them and their conduct in entering into a contract so expeditiously was because they obtained a favorable price for the desired home. Bargain contracts oft-

times prove expensive, but it would be unjust to hold the son, an employee in fact, for his father's defalcation.

Judgment for defendant Everett R. Johnson.