Kenneth DAY, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

April 20, 1972.

Theodore F. Sandstrom, Wilmington, for defendant below, appellant.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before CAREY and HERRMANN, JJ., and DUFFY, Chancellor.

HERRMANN, Justice.

The defendant was convicted by a jury of burglary in the fourth degree. Upon his appeal, he asserts unlawful search and seizure by reason of invalid warrants.

These facts are uncontroverted: A truck, owned by the defendant, was found in the driveway of 412 Champlain Avenue, Richardson Park, after having been reported to the police as a source of suspicion. Also reported at about the same time was theft of furniture from an apartment at the same address. Several items of stolen furniture were found in the truck, including a dish bearing the defendant's fingerprints. The defendant did not live anywhere near the Champlain Avenue address. At about the time of the discovery of the truck and its contents, the defendant reported the truck stolen from an address on the outskirts of Wilmington.

About two months later, the police obtained a search warrant for 1409 North VanBuren Street in Wilmington, alleged to be the residence of the defendant. There, the police seized other items of furniture stolen in the Champlain Avenue burglary. Certain of the items seized were admitted in evidence. This appeal is confined to the questions of the legality of the search and seizure and the admissibility of the fruits thereof.

■ For present purposes, we assume, *arguendo*, the validity of the defendant's contentions. It is our opinion that the evidence against the defendant, exclusive of the items seized at the VanBuren Street premises, was sufficient to sustain the conviction. Inconsistent with any reasonable hypothesis except that of guilt is the evidence that, very soon after the burglary, several of the stolen items were found in the defendant's truck, one item bearing the defendant's fingerprints. It follows, in our opinion, that the admission into evidence of the items seized at the VanBuren Street address, if error, was harmless error beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed. 2d 284 (1969).

■ Error in the admission of evidence seized in violation of the Fourth Amendment may be treated as harmless error under the "beyond-a-reasonable-doubt" test of *Chapman*. Automatic reversal need not follow the admission of illegally seized evidence if the *Chapman* harmless error rule is met. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). This, we think, is such a case.

Affirmed.