**Tommie Lee MOLE, a/k/a Thomas J. Moore, Defendant below, Appellant,**

**v.**

**The STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 13, 1978.

Decided Nov. 22, 1978.

Richard E. Fairbanks, Jr., Asst. Public Defender, Wilmington, for defendant below, appellant.

Kenneth J. Abraham, Deputy Atty. Gen., Dover, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

Defendant, Tommie Lee Mole, a/k/a Thomas J. Moore, appeals from his Superior Court jury conviction of assault in the second degree and possession of a deadly weapon during the commission of a felony. He contends that the Trial Court erred in failing to instruct the jury, *sua sponte*, on the law of accident and by admitting certain testimony of defendant's wife.[1] We affirm.

I

Pat Wilson, a friend and regular visitor in defendant's home, was shot by defendant as she laughed at defendant arguing with his wife. During the argument, defendant had pulled a .22 caliber pistol from his pocket, and, although told by Miss Wilson to put it away before he hurt someone, he pointed it at his wife, pulled the trigger twice without it discharging, then turned to Miss Wilson and shot her. According to Miss Wilson's testimony, before he shot her, "he set it where the bullet is supposed to be shot off at . . . turned around and asked me whether I could stop a bullet."

II

Defendant neither testified, presented any evidence in his defense, requested an instruction to the jury based on the law of accident, nor excepted to the instructions as given to the jury, but contends that, although "accident" is not included as a "defense" to criminal liability in the Delaware Criminal Code, which is the exclusive criminal law of Delaware, the Court erred in not instructing the jury *sua sponte* on the law of accident under 11 *Del.C.* § 302(b) which provides:

"The defendant may produce whatever evidence he has tending to negate the existence of any element of the offense, and, if the court finds that a reasonable juror might believe that evidence, the

defendant is entitled to a jury instruction that the jury must consider whether the evidence raises a reasonable doubt as to the defendant's guilt."

The quantum of evidence relied upon by defendant is his statement to the police, admitted into evidence as part of the State's case, in which defendant claimed he was not mad, did not intend to shoot the victim, and knew neither that the gun was loaded nor that it would shoot. Additionally, the victim and defendant's wife testified that defendant told them that it was an accident, and there is testimony of defendant actively seeking help to get medical aid for the victim.

Since it is State's evidence relied upon by the defendant, and not evidence produced by defendant directly or by cross-examination of State's witnesses, we turn to 11 *Del.C.* § 301(b) which provides:

"(b) No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt."; to

11 *Del.C.* § 302(a) which provides:

"(a) Pursuant to subsection 301(b) of this Criminal Code, the defendant is entitled to a jury instruction that the jury must acquit if they fail to find each element of the offense proved beyond a reasonable doubt."; and to

the Commentary on § 302 which explains:

"This section concerns the defendant's burden with regard to the elements of the offense, and is to be contrasted with the sections dealing with his burden of proving the elements of any defense which he may have. The section deals with two problems: (1) what instruction should the Court give to the jury when the only evidence presented is on behalf of the State, in order to assure that the "reasonable doubt" standard of § 301(2) will be implemented by the jury in evaluating the evidence; and (2) what treatment is to be given to evidence submitted by the defendant tending to negate the

---

1. The evidence is in conflict as to the marital status of defendant and his wife, but for purposes of this appeal we consider them to be legally married.

existence of an element of the offense. Both questions are consistently resolved. The underlying burden is on the State. Even if no contrary evidence is submitted, the defendant is still entitled to acquittal if the State has not proved its case beyond a reasonable doubt. The defendant need present no case, but if he does, this case is viewed as poking holes in the State's case. He has no higher burden with respect to any of the elements of the offense than to suggest a reasonable doubt as to their existence.

Subsection (1) states the generally accepted rule that the defendant is entitled to a "reasonable doubt" instruction in every case. It is doubtful that the "presumption of innocence" instruction adds anything to the "reasonable doubt" concept, but it may be given if desired. It adds no new burden not already placed on the State by § 301. Subsection (2) permits the defendant to raise any evidence he has tending to negate an element of the offense, and, if the evidence is credible (i. e., suitable to be considered by the jury), he is entitled to a jury instruction that there is no burden on the defendant other than that of raising a reasonable doubt, and his evidence may be viewed, if believed, as raising such a doubt. The section does not broaden the Court's authority to comment on the evidence. It is intended to provide guidance as to what effect the defendant's own evidence (e. g., that he had no intention to commit the crime) should be given."

In *Ward v. State,* Del.Supr., 366 A.2d 1194 (1976), this Court held that a criminal defendant is entitled to a jury instruction on the law of accident when it is in issue under § 302(b). In that case, however, the quantum of evidence produced by defense attorney's cross-examination of State's witnesses is clearly distinguishable from the evidence in this case. There the victim claimed the shooting to be purely accidental, did not desire any prosecution, and did not want to become involved. On the strength of that the police originally closed their file as an accidental shooting. Here, the evidence of accident is self-serv-ing and does not constitute the quantum of evidence required to support defendant's claim of plain error in the failure of the Trial Judge to give a jury instruction on accident *sua sponte.*

We conclude that there is no merit to this attack upon the jury charge.

### III

Defendant's second argument is that the Trial Court erred in admitting over his objection the testimony of his wife as to a telephone conversation with defendant during which defendant told his wife the shooting was an accident and that she (the wife) should so state.

11 *Del.C.* § 3502 provides:

"A wife or husband may testify for or against each other in criminal causes in any court of this State."

This statute has long been held to remove the common law disqualification of a husband or wife from testifying against the other as to the knowledge of facts, acquired independently of their marriage relation; but it does not affect the common law rule against disclosure of communications between them based on the marital relation. *State v. Lynch,* Del. O. & T., 128 A. 564 (1925).

The telephone conversation objected to obviously was intended to be a confidential communication seeking to influence the wife's support of defendant's assertion that the shooting was accidental.

It was error to admit over defendant's objection, the wife's testimony concerning the privileged communication, but it is inconceivable to this Court in view of the strength of the State's case that the verdict would have been different had the telephone conversation been excluded. The victim's testimony, including her statement that defendant attempted to influence her into testifying that the shooting was accidental, together with the nonprivileged corroborating testimony of defendant's wife which she gave voluntarily, is more than sufficient to support the jury verdict.

Therefore, we find the error harmless beyond a reasonable doubt. *Day v. State,* Del.Supr., 291 A.2d 286 (1972).

AFFIRMED.