Arnold W. PIERCE, Jr., Defendant,
Appellant,

v.

STATE of Delaware, Plaintiff, Appellee.

Supreme Court of Delaware.

Submitted May 18, 1981 [1].

Decided July 15, 1981.

Richard E. Fairbanks, Jr. (argued) and John E. Sullivan, Asst. Public Defenders, Wilmington, for defendant-appellant.

M. Jane Brady (argued), Deputy Atty. Gen., Wilmington, for plaintiff-appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

DUFFY, Justice:

Arnold W. Pierce, Jr. (defendant) appeals from a sentence imposed following a conviction in the Superior Court of Robbery in the First Degree, 11 *Del.C.* § 832. We reverse the judgment and order a new trial.

I

The undisputed facts are these:

Pierce was arrested for an alleged theft that had occurred the day before, and a Superior Court grand jury later indicted him for First Degree Robbery. A jury trial began shortly thereafter.[2]

Defendant, of his own volition, did not appear for the second day of trial, which continued in his absence. At trial the State called his wife, Diane Pierce, as a witness to testify about defendant's disclosure to her of his intent to rob the victim, about his commission of the crime and about his possession of the victim's wallet. Pierce's attorney objected to such testimony on the

---

1. This appeal was argued on May 18, 1981 but post-hearing briefing was not completed until June 10, 1981.

2. Defendant pleaded guilty to Carrying a Concealed Deadly Weapon, a felony under 11 *Del.C.* § 1442, in connection with the theft.

ground that, in substantial part, it was protected by the husband-wife confidential communication privilege and, therefore, was inadmissible. The Trial Judge, noting that Pierce had absented himself from the trial, refused counsel's offer of proof on the matter and permitted Mrs. Pierce to testify for the State against her husband.

At the conclusion of the evidence, the jury returned a verdict of guilty as charged. Thereafter, Pierce was sentenced under 11 *Del.C.* § 832(b), as a person convicted of first-degree robbery for the second time, to a mandatory minimum prison term of ten years without benefit of probation or parole. Defendant then docketed this appeal.

## II

Pierce raises issues concerning both the sentence and the conviction, which we consider in turn.

### A.

■ First, as to the sentence, defendant contends that it exceeds that authorized by the General Assembly for a second offender in 11 *Del.C.* § 832(b), which states as follows:

"Notwithstanding §§ 4205(b)(2) and 4215 of this title, a person convicted a second or subsequent time for robbery in the first degree shall be sentenced to a term of imprisonment for not less than 10 nor more than 30 years and the court shall not suspend the sentence of such person, nor give such person a probationary sentence, nor shall the term of imprisonment imposed under this section run concurrently with any other term of imprisonment imposed for the commission of such offense."

The Trial Judge's sentence subjects defendant to ten years of prison without benefit of parole. Although the Statute prohibits any suspension of a sentence or grant of probation to a second offender, it is silent as to the possibility of parole. Accordingly, a strict reading of the Statute, which is required under our law, *Fletcher v. State,* Del.Supr., 409 A.2d 1254, 1255 (1979); *Kane v. State,* Del.Supr., 327 A.2d 744, 745 (1974),

necessarily leads to the conclusion that a sentence imposed without benefit of parole is beyond the bounds fixed by § 832(b).

Defendant's argument thus has merit and we find it persuasive, as far as it goes. The State points out, however, that § 832(c) permits a sentence that precludes parole only during the first three years of any prison term; subsection (c) provides as follows:

"The minimum sentence of imprisonment required by this section and § 4205 of this title for a first offense shall not be subject to suspension, and <u>no person convicted under this section shall be eligible for probation or parole during the first 3 years of such sentence.</u>" (emphasis added)

The underscored language clearly refers to anyone convicted of Robbery, First Degree, see § 832(b), and that section states the sentence to be imposed for conviction a "second or subsequent time for robbery in the first degree." Since Pierce was convicted a second time for robbery in the first degree, he has been "convicted under this section," § 832(c), and thus any sentence imposed on him is governed by the provision which prohibits probation or parole during the first three years of such sentence.

Defendant, however, argues that § 832(c) became law after the enactment of § 832(b), see 60 *Del.L.* ch. 240, and it deals exclusively with the sentence to be imposed for a *first* offense of robbery in the first degree. We cannot agree that the General Assembly had any such limitation in mind. Section 832(c) refers specifically to a "person convicted under this *section*" (emphasis added) and the section includes the second-offender provision in § 832(b). And, as the State argues, if defendant's analysis were correct, a second offender who received the ten-year minimum sentence required by § 832(b) would be eligible for parole, under 11 *Del.C.* § 4346(a), in two years, eight months and twenty-seven days, cf. *Woodward v. Dep't. of Corrections,* Del.Super., 415 A.2d 782, aff'd, Del.Supr., 416 A.2d 1225 (1980), while a *first* offender would not be

eligible for *three* years. In our opinion, the Legislature did not intend that result when it enacted § 832(c).

It follows, then, that the sentence on Pierce exceeded the limits of § 832, and is thus erroneous as a matter of law, to the extent that it precludes the possibility of parole after the first three years of the ten-year prison term.

### B.

Pierce also argues that his conviction cannot stand because the Trial Judge erroneously admitted, over defense counsel's objection, the testimony of Mrs. Pierce. More specifically, defendant says that certain material portions of her testimony were privileged as husband-wife confidential communications, and that the Court erred in refusing to permit defense counsel, in defendant's absence, to invoke the privilege on his behalf.

■ By Statute in Delaware, husband and wife are competent witnesses in any criminal action against one of them. 11 *Del.C.* § 3502. But, under common law, confidential communications between spouses are privileged and may be excluded from evidence, if the privilege is affirmatively invoked. *Duonnolo v. State*, Del. Supr., 397 A.2d 126, 130 (1978); *Mole v. State*, Del.Supr., 396 A.2d 153 (1978); *State v. Lynch*, Del.O.& T., 128 A. 565 (1925). The parties agree that some of Mrs. Pierce's testimony qualifies as a "confidential communication," but they disagree as to whether the privilege was effectively invoked by defense counsel, in defendant's absence. The Trial Judge held that it was not, saying:

"I point out that if there were privileged communication, that the invoking of that privilege could only be done personally by the defendant, and he had voluntarily

absented himself. The attorney could not assert that privilege personally without consultation with his client."

The privilege is generally characterized as "personal" and "the *claim of privilege* can be made solely by the *person whose privilege it is.*" 8 Wigmore, Evidence § 2196 (rev.ed. 1961) (emphasis in original). But we have a different view of that characterization, and the meaning and reasoning behind it, than did the Trial Judge. His ruling indicates that only the privilege holder, himself—in person or at least by specific authorization to his counsel—may invoke the "personal" privilege. Our review of the authorities leads us to conclude, however, that the privilege is "personal" only in the sense that it may be exercised solely for the privilege holder's protection, and not for the benefit of someone else.

The husband-wife privilege is characterized as "personal" because there are limitations as to the persons for whom the privilege may be invoked, not because there are limitations as to the persons who may raise it (on the privilege holder's behalf). In our view, defense counsel, that is, Pierce's lawyer at trial, was entitled to raise the privilege on defendant's behalf. See *McCormick on Evidence* § 92 (2 ed. 1972); Note, 30 *Colum.L.Rev.* 686 (1930). Compare *State v. Macumber*, 112 Ariz. 569, 544 P.2d 1084 (1976), cert. denied, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978); *O'Brien v. New England Mutual Life Insurance Co.*, 109 Kan. 138, 197 P. 1100 (1921).

■ Accordingly, we hold that it was error not to allow defense counsel to invoke the privilege on Pierce's behalf and to admit Mrs. Pierce's testimony concerning confidential communications she had had with defendant.[3] And given the inculpatory nature of that testimony and its probable weight with the jury, we cannot say that the Court's ruling was harmless error. Cf.

---

**3.** The Delaware Uniform Rules of Evidence, which became effective after the trial of the case presently under review, expressly provide that "[t]he privilege may be claimed by the party or witness or by the spouse on behalf of the party or witness. The authority of the spouse to do so is presumed." *D.R.E.* 504(c).

*Day v. State*, Del.Supr., 291 A.2d 286 (1972); compare *Mole*, 396 A.2d at 155–156.

\* \* \*

In light of our ruling reversing the conviction, we do not reach defendant's argument that the Trial Court committed reversible error in giving instructions to the jury concerning his absence from the trial.

\* \* \*

Reversed and remanded for proceedings consistent herewith.